IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KOUEI SENG CHIN,

        Plaintiff,                  No. 2:11-cv-813-EFB

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.            ORDER
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff moves for summary judgment.[1] For the reasons discussed below, the court grants plaintiff's motion for summary judgment and remands the case for further proceedings.

////

////

---

[1] Although it is customary for the defendant to file a cross-motion for summary judgment in cases where the plaintiff seeks judicial review of the Commissioner's decision, here, defendant only filed a "Responsive Brief." *See* Dckt. No. 18. However, defendant's failure to file a cross-motion for summary judgment is not problematic because, as explained herein, plaintiff is entitled to judgment in his favor.

1

## I.   BACKGROUND

Plaintiff formally applied for a period of disability and DIB on April 30, 2008, alleging that he had been disabled since March 16, 2008. Administrative Record ("AR") 64, 68, 129. Plaintiff's application was initially denied on August 6, 2008, and upon reconsideration on October 16, 2008. *Id*. at 72, 77. On March 31, 2010, a hearing was held before administrative law judge ("ALJ") Mark C. Ramsey. *Id.* at 29. Plaintiff, who was represented by counsel, testified at the hearing. *Id.* at 29-63.

On June 11, 2010, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(I) and 223(d) of the Act.[2] *Id.* at 9-17.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id*.

The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since March 16, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: left Achilles tendinitis, diabetes mellitus neuropathy and major depressive disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

...

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform unskilled, light work as defined in 20 CFR 404.1567(b).

...

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

...

7. The claimant was born [in] 1965 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can performed (20 CFR 404.1569 and 404.1569(a)).

...

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 16, 2008, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 11-17.

Plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 119-122. However, on January 25, 2011, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. *Id.* at 1.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred in 1) failing to properly credit the opinions of plaintiff's examining physicians, 2) failing to properly credit plaintiff's statements regarding his functional limitations, and 3) utilizing the Medical-Vocational Guidelines.

Plaintiff first argues that the ALJ erred by rejecting without explanation the medical opinions of plaintiff's examining doctors. Pl.'s Mot. for Summ. J. ("Pl.'s MSJ"), Dckt. No. 17 at

4

7-8. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may only be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. *Id.* at 830. This test is met if the ALJ sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states his interpretation of the evidence, and makes a supported finding. *Magallanes v. Bowen*, 881 F.2d 747, 751–55 (9th Cir. 1989). Absent specific and legitimate reasons, the ALJ must defer to the opinion of a treating or examining physician. *Lester*, 81 F.3d at 830–31.

    A.    <u>Dr. Sharma</u>

Plaintiff was examined by Dr. Satish Sharma on June 20, 2008. AR 218-222. Dr. Sharma determined that plaintiff had neck pain secondary to musculoskeletal strain, low back pain secondary to musculoskeletal strain, dizziness secondary to vertigo, diabetes, anxiety and depression, and left ankle pain secondary to left Achilles tendinitis rupture. *Id*. at 222. He opined that plaintiff could lift 10 pounds frequently and 20 pounds occasionally; sit for 6 hours per day, bend and stoop occasionally, and had no limitations in holding, fingering, or feeling. Dr. Sharma further opined that "[s]tanding and walking should be limited to 6 hours per day with the help of a cane with normal breaks. [Plaintiff] can only walk with the help of a cane." *Id*.

The record also contains a Physical Residual Functional Capacity Assessment completed by Dr. C.R. Dann, a non-examining state agency physician. *Id*. at 244-48. Dr. Dann opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours in an 8-hour day; sit for 6 hours in an 8-hour day; limited occasionally in climbing, kneeling,

crouching, crawling; and frequently limited in balancing and stooping. *Id*. at 245-46.

As stated above, the ALJ found that plaintiff had the ability to perform unskilled, light work. Light work "requires a good deal of walking or standing–the primary difference between sedentary and most light jobs. . . . Relatively few unskilled light jobs are performed in a seated position." SSR 83-10; *see also* 20 CFR § 404.1567(b). Dr. Sharma, however, opined that plaintiff could not walk without the assistance of a cane. The ALJ's RFC assessment did not incorporate this opinion. Instead, it appears that the ALJ adopted Dr. Dann's medical opinion, which did not include the same walking limitation. Since Dr. Sharma's opinion was contradicted by Dr. Dann's opinion, the ALJ was required to give specific and legitimate reasons for rejecting Dr. Sharma's opinion. *See Orn*, 465 F.3d at 632. An ALJ may satisfy this requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more than offer his conclusion. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citations omitted).

Plaintiff argues that the ALJ rejected Dr. Sharma's opinion that plaintiff requires a cane to walk without explanation. Dckt. No. 17 at 7-8. Although defendant concedes that the ALJ failed to credit this opinion, he contends the ALJ did not error because "[t]he ALJ implicitly rejected [the cane] limitation, which relied on Plaintiff's claim that he needed a cane due to chronic pain since 1990." Def.'s Opp'n to Pl.'s MSJ, Dckt. No. 18 at 6. The ALJ, however, is not permitted to implicitly reject an examining physician's opinion. Rather, an ALJ is required to provide specific and legitimate reasons for rejecting an opinion from an examining source. Thus, the ALJ failed to provide legally adequate reasons for rejecting Dr. Sharma's opinion.

B.   Dr. Cormier

The record also contains evidence from a psychiatric examination performed by Sid Cormier, Ph.D., an examining physician. AR 197-201. Dr. Cormier examined plaintiff on June 16, 2008, and determined that plaintiff had major depressive disorder, recurrent, moderate. *Id*. at

197, 200. He opined that plaintiff was not impaired in his ability to maintain regular attendance or consistently perform basic work activities, but is mildly impaired in his ability to complete a normal workday or workweek without interruptions and mildly impaired regarding pace and persistence. *Id*. at 200. He further opined that plaintiff's depression may mildly to moderately impair his ability to perform complex and detailed tasks as well as simple and repetitive tasks. *Id*. at 200. Dr. Cormier referred plaintiff to Shasta County Mental Health and stated that with proper treatment, plaintiff's depression should significantly improve within six months. *Id*. at 201.

Plaintiff argues that the ALJ erred by disregarding the limitations assessed by Dr. Cormier without explanation. Dckt. No. 17 at 7. Specifically, plaintiff argues that the ALJ failed to provide a reason for rejecting Dr. Cormier's opinion that plaintiff was impaired in his ability to complete a normal workday or workweek without interruption, was mildly impaired in pace and persistence, and was mildly to moderately impaired in his ability to perform complex and detailed tasks as well as simple and redundant tasks. *Id*.

The ALJ concluded that plaintiff had the ability to perform unskilled, light work without limitations. *Id*. at 12. "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions. SSR 85-15. Dr. Cormier opined that plaintiff was impaired in her ability to perform simple and redundant tasks. AR at 200. As this limitation was not included in plaintiff's RFC, it appears that the ALJ rejected Dr. Cormier's opinion.

In discussing Dr. Cormier's opinion, the ALJ stated:

> Dr. Cormier opined that the claimant's depression would not impair his ability to maintain regular attendance or perform basic work activities on a consistent basis. That's supported by the fact that he was accurately performing his job as a blackjack dealer before being laid off due to slow business. The claimant's ability to complete a normal workday or workweek may be mildly impaired at this time. Dr. Cormier referred the claimant to Shasta County Mental Health and stated that with proper treatment, the claimant's functional status should significantly improve within six months.

7

*Id.* at 14.

While the ALJ discussed part of Dr. Cormier's opinion, other portions of the opinion were not discussed in evaluating plaintiff's RFC. Specifically, the ALJ made no mention of Dr. Cormier's opinion that plaintiff's depression may mildly to moderately impair his ability to perform complex and detailed tasks as well as simple and repetitive ones. As the ALJ omitted any discussion of this opinion, it is clear that he failed to give legally sufficient reasons for rejecting it.

Defendant argues, however, that the ALJ properly determined that plaintiff could perform unskilled, light work. Dckt. No. 18 at 7. Defendant contends that "[t]here is no evidence that Plaintiff had any other significant limitations before or after Dr. Cormier's examination, and Plaintiff did not follow up with Shasta County Medical Health despite medical advice. . . . Thus, the ALJ properly interpreted and resolved the conflicts in the medical evidence." Dckt. No. 18 at 7. Defendant further argues that there is no medical evidence inconsistent with Dr. Cormier's assessment that plaintiff's functional status should improve significantly with six months of treatment.[3] *Id.*

It appears defendant is arguing that the ALJ properly disregarded the limitations assessed by Dr. Cormier because Dr. Cormier also opined that plaintiff's functional status should significantly improve with treatment. The ALJ, however, did not state that he rejected Dr. Cormier's opinion regarding plaintiff's limitations because there is evidence that plaintiff's functional status should improve with treatment.[4] As the ALJ did not rely on this reason, it is not a proper basis for upholding the ALJ's rejection of Dr. Cormier's opinion. *See Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) ("[T]he

---

[3] Defendant essentially attempts to suggest reasons why the ALJ might have chosen to reject Dr. Cormier's medical opinions.

[4] Furthermore, the record does not contain any evidence that plaintiff received treatment for his depression or that his impairments ever improved.

8

Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision."); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion"). Accordingly, the court finds that the ALJ erred in rejecting Dr. Cormier's opinion without explanation.

In sum, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Drs. Sharma and Cormier. Accordingly, the matter must remanded for further proceedings.[5]

IV. CONCLUSION

The ALJ failed to apply the proper legal standard in rejecting the opinions of Drs. Sharma and Cormier. The matter must therefore be remanded for further proceedings consistent with this opinion. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Clerk is directed to enter judgment in the plaintiff's favor; and

3. This action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED: September 20, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the case must be remanded for further proceedings based on the ALJ's failure to analyze the medical opinions under the proper legal standards, the court does not address plaintiff's remaining arguments.